No. 483. NG KAM FOOK ET AL. *v.* ESPERDY, DISTRICT DIRECTOR, IMMIGRATION AND NATURALIZATION SERVICE. C. A. 2d Cir. Certiorari denied. *Abraham Lebenkoff* for petitioners. *Solicitor General Cox* for respondent.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

Section 243 (a) of the Immigration and Nationality Act (66 Stat. 163, 212, 8 U. S. C. § 1253 (a)) provides in pertinent part:

> ". . . deportation of such alien shall be directed to any country of which such alien is a subject national, or citizen if such country is willing to accept him into its territory."

Respondent and both lower federal courts have determined that petitioners, who were both born on the mainland of China, who came to the United States as crewmen in 1953 and 1955, and who have never resided in Formosa, are "subject national[s] or citizen[s]" of the Republic of China, located on Formosa. Accordingly, when the Republic of China refused to accept petitioners, they were ordered deported, under other provisions of the Act, to Hong Kong and the Netherlands—regimes to which they have never been subject—either as citizens or as nationals, petitioners having been born on the mainland of China, as I have said.

The decision below is predicated in part upon nonrecognition of the Peking regime by the United States, and the fear that a contrary holding would require a preliminary inquiry concerning its willingness to accept petitioners which "might impliedly suggest recognition and thus might embarrass the decisions of the Executive Department as to foreign policies." [1]  320 F. 2d 86, 89. Since

---

[1] This overlooks the fact that since 1955 we have been in regular contact with the Peking regime, first by Alexis Johnson, our former

the question touches a basic human right and since the proper construction of the statute poses a substantial question,[2] which should be considered by this Court, I would grant certiorari.

---

Ambassador to Czechoslovakia and now by John M. Cabot, our Ambassador to Poland. See Department of State, Release Aug. 14, 1963, interview of Alexis Johnson by Irving Chapman.

[2] Chief Judge Lumbard stated in dissent, 320 F. 2d 86, 90:

"For the reasons stated in my concurring opinion in Leong Leun Do v. Esperdy, 309 F. 2d 467, 475, 477–479 (2 Cir. 1962), I would hold that for purposes of the present proceeding, 'the Chinese mainland is a country of which an alien may be a subject national or citizen.' Id. 309 F. 2d at 478. It seems to me that some agencies of the United States government could, directly or through intermediaries, contact agents of the Communist government without implying recognition. If such a procedure is rejected by the executive branch, then, under the present statute, the alien should not be deported. This area of the law seems to be one which particularly requires legislative attention."